■ Diane Wolkstein, Respondent-Appellant, v Mark J. Morgenstern et al., Appellants-Respondents, et al., Defendant. [690 NYS2d 24] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 13, 1998, which, *inter alia,* denied plaintiff's motion for summary judgment against defendant-appellant landlords and denied defendant-appellant landlords' cross motion for summary judgment dismissing all claims of plaintiff tenant and all cross claims against them, and order, same court and Justice, entered January 5, 1999, which, to the extent appealed from and appealable, denied defendant-appellants' motion to renew their motion for summary judgment, unanimously affirmed, without costs.

The IAS Court properly denied plaintiff tenant's motion and defendant landlords' cross motion for summary judgment with respect to plaintiff's causes for wrongful eviction pursuant to RPAPL 853, since there were issues of fact as to whether plaintiff's eviction had been lawful. The eviction notice, entered on plaintiff's default in the underlying summary holdover proceeding, was vacated by Appellate Term, not upon the merits, but upon a determination that plaintiff should not have been so severely penalized for her counsel's misconduct. In so ruling, however, Appellate Term expressly noted the existence of factual issues as to whether plaintiff had complied with the access provisions of certain stipulations she had entered into with defendant landlords and remanded the matter to the Housing Court for the determination of those issues. The present appellate record gives no indication that those issues, crucial to the determination of plaintiff's wrongful eviction claim, have been adjudicated (*cf., e.g., Dzubey v Teachers' Coll.,* 87 AD2d 783).

Renewal was properly denied since the facts presented in support of the motion were known by appellants at the time of the original motion and no excuse was given for the failure to

then present such proof (*see, Pahl Equip. Corp. v. Kassis*, 182 AD2d 22, 27, *lv denied in part and dismissed in part* 80 NY2d 1005). No appeal lies from the denial of reargument.

We have reviewed the parties' remaining arguments for affirmative appellate relief and find them unpersuasive. Concur—Rosenberger, J. P., Nardelli, Saxe and Friedman, JJ.